UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED
and FABIOLA MUNOZ,

     Plaintiff,
v.

DIA HIFS, LLC D/B/A HILTON DENVER
INTERNATIONAL AIRPORT,

     Defendant.
_____/

## COMPLAINT

Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, DIA HIFS, LLC D/B/A HILTON DENVER INTERNATIONAL AIRPORT (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. The is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, FABIOLA MUNOZ, is an individual over eighteen years of age, who splits her time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, FABIOLA

MUNOZ, is a member of the Florida Not for Profit Corporation, ACCESS 4 ALL INCORPORATED.

5.  Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6.  At all times material, Defendant, DIA HIFS, LLC D/B/A HILTON DENVER INTERNATIONAL AIRPORT was and is a Foreign Limited Liability Company, organized under the laws of the state of Delaware, with its principal place of business in Newport Beach, California.

7.  At all times material, Defendant, DIA HIFS, LLC D/B/A HILTON DENVER INTERNATIONAL AIRPORT, owned and operated a hotel business and place of public accommodation located at 6900 N Tower Road, Denver, Colorado 80249 (hereinafter the "Commercial Property").

8.  Venue is properly located in the District of Colorado because Defendant's Commercial Property is located in Denver, Colorado, Defendant regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

## FACTUAL ALLEGATIONS

9.  Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10.  Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial

Property and the business therein, including the retail shopping store.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12.     Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA. FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that causes loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing. Plaintiff, FABIOLA MUNOZ, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

13.     Defendant, DIA HIFS, LLC D/B/A HILTON DENVER INTERNATIONAL AIRPORT, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Denver, Colorado, that is the subject of the Action.

14.     The subject Commercial Property is open to the public and is located in Denver, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about September 17, 2021 through September 18, 2021 encountering multiple violations of the ADA that directly affected her ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the business located within the Commercial Property, in order to avail herself of the goods and services offered to the public at the business therein, if the property/business become accessible.

15.     Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer. She attended a quarterly meeting for member of the Plaintiffs organization, ACCESS 4 ALL

3

INCORPORATED, as a member, as well as visited with local friends and attended a concert. She intends to return to the Commercial Property and business therein in order to avail herself of the goods and services offered to the public at the property. Plaintiff spends much of her time in and near Denver County, Colorado, in the same state as the Commercial Property, has frequented the Defendant's Commercial Property and the business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of the Complaint as he regularly conduct business in Colorado and plans to rent or buy property there soon.

16. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue her patronage and use of the premises.

17. The Plaintiff, FABIOLA MUNOZ, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered her safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

18. Plaintiff, ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of the organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, ACCESS 4 ALL

INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow her or her to bring suit in her or her own right. Plaintiff, FABIOLA MUNOZ, has also been discriminated against because of its association with its disabled members and their claims.

19. Defendant, DIA HIFS, LLC D/B/A HILTON DENVER INTERNATIONAL AIRPORT, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and operates is the Commercial Property business located at 6900 N Tower Road, Denver, Colorado 80249 .

20. Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and II of the Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail herself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure herself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property

without fear of discrimination.

## COUNT I – ADA VIOLATIONS
## AS TO DIA HIFS, LLC D/B/A HILTON DENVER INTERNATIONAL AIRPORT

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, DIA HIFS, LLC D/B/A HILTON DENVER INTERNATIONAL AIRPORT, has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Parking

i. Fabiola Munoz was impeded from accessing Doubletree Hotel where only 6 parking spaces are designated for disabled use, from a total over 200 spaces, with none truly accessible violating Sections 4.1.2 and 4.6.1 of the ADAAG and 2010 ADAS Table 208.2 which results in needing to use a more distant space or two inaccessible spaces on numerous occasions.

ii. Accessible spaces lack clear and level aisles, they have slopes or cross slope over 5.6% (>2%) endangering Fabiola Munoz when unloading and violating the ADAAG and ADAS Section 502.

iii. Fabiola Munoz was unable to find signs Missing or Obstructed by untrimmed trees violating ADAAG Section 4.6 and ADAS Section 502.

iv. Accessible parking spaces are improperly dispersed with No spaces in rear violating the ADAAG, 2010 ADAS and local DOT codes.

v. Fabiola Munoz was prevented from safely exiting his vehicle at Doubletree Hotel which lacks accessible unloading areas or (60" W x 20' L) are on 5.2% slopes (> 2%) in violation of ADAAG Section 4.6.6 and Section 503 of the 2010 ADAS.

    B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking to entrances for Fabiola Munoz to access Doubletree Hotel. Cross slopes and level changes violate ADAAG Sections 4.1.2 and 4.3 and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes at Doubletree Hotel have 5 cross slopes (>2%) creating hazardous conditions for Fabiola Munoz in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Path of travel connecting areas of Doubletree Hotel are below required width where vehicles impede routes due to no wheel stops provided, violating ADAAG Section 4.3 and Section 403 of the ADAS.

    C. <u>Access to Goods and Services</u>

i. Permanently designated interior spaces at Doubletree Hotel lack proper signage, violating ADAAG Section 4.30.

ii. Table-top and writing surface heights are 44 (28" min / 34" max), preventing use by Fabiola Munoz, violating 2010 ADAS.

   iii. Recreational areas at Doubletree Hotel for public use lack required disabled use elements, preventing use by Fabiola Munoz, violating the ADAAG.

      D. <u>Public Restrooms</u>

   i. Fabiola Munoz unable to use lobby restroom mirror reflecting surface 41.5", violating the ADAAG and 2010 ADAS.

   ii. Lobby toilet has improper centerline 20" from side wall, denying access to Fabiola Munoz, violating the 2010 ADAS.

      E. <u>Accessible Guestrooms and Suites</u>

   i. Doubletree lacks guestrooms with proper roll-in showers. Showers are not accessible with dangerous slopes violating ADAAG and 2010 ADAS.

   ii. Drapery wands are > 48" AFF (51"), violating the ADAAG and 2010 ADAS Section 308.

   iii. Safes in mounted units > 48" AFF (55") and lack CFS for Fabiola Munoz to use, violating the ADAAG and 2010 ADAS Section 308.

   iv. Accessible toilet in accessible guestroom bathroom has its flush on the wall side, preventing Fabiola Munoz from safely flushing.

   v. CFS in guest bathroom has slopes over 3.5% in turning radius which does not allow Fabiola Munoz to safely turn around in a 60" diameter circle or a "T"-turn area as shown in the ADAAG and 2010 ADAS Section 305.

   vi. Roll-in shower is not 30" by 60" or 36" by 60", as configured in 2010 ADAS 608.2, preventing use by Fabiola Munoz.

   vii. Roll-in Shower with improperly located seat > 3" from side wall prevented Fabiola Munoz' safe transfer, violating 2010 ADAS Sec 608.

viii.   Roll-in shower is obstructed by slope > 5% in shower and transfer space which impedes Fabiola Munoz's wheelchair transfer onto the seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

## RELIEF SOUGHT AND THE BASIS

24. The discriminatory violations described in the Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26. Defendant has discriminated against the individual Plaintiff by denying her

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff

or waived by the Defendant.

30.     Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its business, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and FABIOLA MUNOZ, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 18, 2021

        **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone:  (720) 996-3500
Facsimile:   (720) 381-0515
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By:  */s/ Anthony J. Perez*
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713